Mr. Doherty. Yes, you may. Thank you very much. May it please the court, state. It is my extreme honor for the privilege of addressing this honorable court. Today an oral argument. My name is Dennis Doherty and I was granted leave to argue especially as a consequence of the illness of Mr. Cohn. This is an appeal from Kankakee County from a first stage dismissal under the Illinois Post-Conviction Hearing Act. Aaron Minzghor was convicted of criminal sexual assault in a bench trial, sentenced to five years in prison, and this honorable court affirmed on direct appeal where an excited utterance issue was raised and PLE was denied. We respectfully submit to this court that the petition states the gist of a constitutional claim and we request that the cause be reversed and remanded by this court for second stage proceedings. As I've explained to the state here today, there's a Crawford issue in this appeal and I frankly don't think that's valid at this point and I'm not relying on that point. But there is a gist of a constitutional claim which I hope to explain to this court right now. The petition states in paragraph six, page one, that the trial court excluded the testimony of material witnesses for the defense because they were in the courtroom during the state's testimony. The affidavits of the two witnesses state that they were told that because they were in the courtroom that morning, they were not allowed to testify. The petition further alleges that the lawyer, the private attorney, didn't know about the witnesses because he never returned their phone calls, that's what's alleged, and he never investigated their potentiality as witnesses. And he didn't police them outside to keep them out of the courtroom, doesn't even know who they were. Now the trial court memorandum, the decision dismissing it in the first stage, that's in the common law record here, page 59. Page two, Judge Kathy Elliott Bradshaw, a long time prosecutor and trial judge in Kankakee County, the decision states that the record contradicts that the witnesses were excluded from testifying. Well, we do know that they didn't testify. So the state's brief at page 14 states that there's, and I don't speak for the state, but the summarization of their argument at page 14 is there's nothing in the record about this, that they're excluded from testifying. Well, then that means that the issue is outside the record. And second stage proceedings are required under the ONI Post-Conviction Hearing Act. It's all outside, even if it says somewhere in there that, well, we're not going to let them testify, it's outside the record as to who the witnesses are, what the witnesses would have to say, and why didn't they testify. So under the law, only a low threshold is necessary to state the gist of a constitutional claim. And the trial court does not engage in fact-finding. The petition here alleged at least six areas of contradiction that the witnesses had to offer. Number one, whether they were even there. The complaining witness said they were not even there. There's a conflict in her testimony as to who picked her up. There's a conflict as to whether the couch was broken and could support the weight of two adults. A conflict as to whether there was other furniture in the home. The complainant said this was the only furniture there. A conflict in the testimony as to whether the complainant would be allowed alone with the children, as she claimed. And a conflict in the sleeping habits of the children. But this arm of court, of course, doesn't engage in fact-finding, and nor does the trial court in the first stage. That's the people, Mrs. Coleman, people, Mrs. Galtney. So the petition here is clearly not frivolous. And we're not asking for a new trial here. We're asking that the matter be remanded for second stage proceedings. That's the appropriate order in this case, your honors. And there's abundant case law set out that exclusion of witnesses is a drastic sanction. That's the Illinois rule, especially for a prisoner. He's got no control over people sitting in the room or violating motions to exclude. He might not even know what it means. And he's undergoing his own stress. But we ask that the state be required in the Circuit Court of Charity to answer the petition or move to dismiss because it states the gist of the constitutional claim and is certainly not frivolous. And I thank the court for your attention and time. Thank you. Thank you. I'll take it back. Ms. Dunning. Good afternoon, your honors. Mr. Norty. On the issue that counsel has argued, the trial judge did find, she tried this case, she found that the record rebutted the defendant's contention that two witnesses were excluded from testifying. The record shows that defense counsel stated that he would not be presenting any witnesses who were not on the people's witness list. He did present the defendant and the defendant's wife who testified to circumstances surrounding the offense and the offense itself. There were no other persons present when the offense was committed other than the defendant and the complaining witness. Now, the motion to exclude witnesses was granted. The two witnesses that counsel now says would have testified and submitted affidavits remained in the courtroom because they weren't on the witness list. They were not going to be called to testify. During a recess, they left the courtroom. They spoke with the defendant's wife about the complaining witness's testimony. The trial judge then readmonished and decided not to sanction by striking any of the wife's testimony. But she never excluded any witnesses nor any part of any witness's testimony. Taking a look at the affidavits that the defendant appended to his petition and to his brief from the supposed witnesses, as the trial judge noted in her written opinion or written order, those two affidavits are exactly the same affidavits. They're just signed by two different people, the defendant's father-in-law and mother-in-law. Nowhere in those affidavits does it discuss on what date those events that they're talking about in there occurred. It also doesn't supply any exculpatory evidence. It doesn't supply an alibi. Basically, all it does is tear down the complaining witness. Those affidavits are not sufficient to produce any type of gist of a constitutional claim of any kind. But most importantly, the record reflects, and I will point out, the defendant doesn't cite to the record anywhere where any of these things occurred because that's not what happened. The record shows that no witnesses were excluded from testifying at trial in this case. Now, if you have any questions on any of the other issues presented, I'll be happy to answer them. Can you clarify the Crawford issue for me? Are you conceding that the issue doesn't exist or are you just not arguing it? Crawford? I told Ms. Duffy about this. I wanted to make sure I was not making a mistake. And she assured me I wasn't. I think I have to... It's not valid. I'm sorry. Crawford is for a declarant not available for cross-examination. Mr. Cohn has been a member of the bar for 51 years and one of the finer attorneys we have had in our long history. But he had a stroke and he had pneumonia around that period of time. This is his last case. He now has lung cancer. He's undergoing radiation therapy. So when he saw excited utterance, perhaps he bleeped right ahead to Crawford that the declarant was available for cross-examination here. It was a Nicole Bezirius or something. So I don't think that states the gist of a constitutional claim. I don't want to chew up all your rebuttal time. Very briefly, these witnesses are not on the list, we allege, because the lawyer neglected to return her calls and investigate their potential as witnesses. The affidavits here deny also that they were talking to the people in the hallway about the testimony of the complaining witness. But that's outside the record also. Mr. Dougherty, can you point us to a place in the record where the trial court excluded the witnesses? Now if you look at the final affidavit, the affidavit says that they talked to the lawyer, the private lawyer, Mr. Ridge in the hallway, and they were told, these witnesses were told they wouldn't be allowed to testify because they were in the courtroom that morning. So the gist of the constitutional claim is that they were somehow excluded. I don't think it was by the trial court's action, and that's how I frame this as being outside the record. If they were excluded, but there is an allegation that is not frivolous that they were excluded. If I had to guess what happened, I think that the lawyer was rightfully concerned about the commotion and the anger of the judge, of maybe people talking in the hallway that were sitting and seated in here, and to try to do damage control may have said, you guys can't testify, you are in the courtroom, period. So that issue would then become whether the lawyer was neglectful or denied effective assistance to the counsel in investigating the potential of the witnesses and not keeping them out of the courtroom. There are a variety of decisions that Mr. Cohn cites to that would support that theory of post-conviction relief, but I think it's outside the record. I don't see anything where the judge did anything like that, and I try to confirm that, including by talking to the clients. I don't see anything where the judge did it, but I see an affidavit where they were told they couldn't testify in a conversation with the lawyer. And it happens. You have a witness in there, and if the judge is infuriated for other reasons, you're going to bring up two more people, the people that supposedly were coaching the other people that are on the witness list? So, but things got out of control because the lawyer wasn't paying attention to who the witnesses were and investigating them and keeping them out in the hallway. Maybe he can inquire, who are these people? I want to know why the prisoner didn't say anything, but he apparently was just totally stressed out. If I answer that, I don't see where the court did it. I think it's outside the record, but I do believe they were told, at least by the lawyer. That's in the affidavit, the fine print affidavit, which is at page, yes, and A-63 is the attachment right at that page. So they're not allowed to testify, but I take it that was a conversation with the lawyer. I thank the court for the privilege, again, of addressing Your Honors. This is the first time I've been here this century. I was here last century. Hopefully I'll be here in the next century. We want to commend you for taking this case pro bono. Absolutely, it's my great pleasure. You did a great service to Mr. Cohen. You did a very nice job. Thank you for the compliment. You demonstrated a good knowledge of this record and the issues on appeal, and we appreciate your pro bono service. It's my great pleasure, Your Honor. Please send our best wishes to Mr. Cohen so that his health improves. I certainly will. Thank you very much. All right, we will be taking this matter under advisement and rendering a decision hopefully without undue delay.